H. G. HILL STORES, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 105204.   Promulgated August 6, 1941.

*Thomas A. Dubourg, C. P. A.*, and *Joseph M. Jones, Esq.*, for the petitioner.

*S. B. Anderson, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $2,790.74 in income tax for the calendar year 1937. The issues for decision are whether the petitioner is entitled to a bad debt deduction in the amount of $18,324.13 and a deduction of $4,900 on stock which became worthless. The facts as stipulated by the parties are hereby adopted as the findings of fact. The return in question was filed with the collector of internal revenue at New Orleans, Louisiana.

The petitioner owned 49 shares of the 50 shares of stock of H. G. Hill & W. E. Penick, Inc. (hereafter called Penick). The operations of Penick had been unprofitable. The petitioner had loaned money to Penick and the amount due the petitioner on December 27, 1937, was $131,934.29. The directors of Penick resolved on that day to transfer all of its assets, subject to its liabilities, to the petitioner "for a sum equal to the net book value of H. G. Hill & W. E. Penick, Inc. as of the close of business on the 29th day of December, 1937, as well as the cancellation by H. G. Hill Stores, Inc. of all indebtedness for advances made to H. G. Hill & W. E. Penick, Inc." The stockholders of Penick approved and the petitioner agreed to accept the transfer on the terms stated. The transfer was made on December 29, 1937, at which time the value of the assets in excess of liabilities, excluding the debt owed the petitioner, was $21,388.37.

The petitioner eliminated the amount of Penick losses deducted on consolidated returns and claimed a bad debt deduction of the remainder, $18,324.13. It also claimed a deduction of $4,900, the cost of its Penick stock. The Commissioner disallowed both deductions on the ground that section 112 (b) (6) of the Revenue Act of 1936 applied. He does not question amounts or the year of worthlessness. His entire argument is that the amounts were not loans, but contributions of capital, and the transfer of December 29 was a distribution in

liquidation within section 112 (b) (6). He cites no case in point. The facts, as stipulated, are that the advances created indebtedness.

The provisions of section 112 (b) (6), upon which the respondent relies, do not and were not intended to cover a sale or transfer of assets to a creditor. They provide that "No gain or loss shall be recognized upon the receipt by a corporation of property distributed in complete liquidation of another corporation", and they also specify at considerable length the circumstances under which a distribution is to be regarded as in complete liquidation. The distribution must be "in complete cancellation or redemption" of the stock. The present petitioner received no property from Penick as a stockholder. The property of Penick which it received was transferred to it, not as a distribution in liquidation of Penick, but for a stated consideration, "a sum" and the cancellation of remaining "indebtedness." Penick *distributed* nothing to stockholders. It was insolvent, with a very large deficit, and had nothing to distribute to stockholders. It sold its assets to pay a part of its debts. Since the facts do not support the only basis advanced for the determination of the Commissioner, that determination must be reversed as to these two items. Cf. *Houghton & Dutton Co.*, 26 B. T. A. 52.

*Decision will be entered under Rule 50.*